William J. Snape, III
D.C. Bar No. 455266
5268 Watson Street, NW
Washington, D.C. 22016
202-536-9351
202-537-3458
billsnape@earthlink.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

CENTER FOR BIOLOGICAL DIVERSITY          :
1333 N. Oracle Road                                       :
Tucson, AZ 85705                                          :
                                                                       :
      Plaintiff                                                 :
                                                                       :          Case No. _____
   v.                                                           :
                                                                       :
U.S. DEPARTMENT OF THE INTERIOR        :
1849 C Street, NW                                         :
Washington, D.C. 20240,                                :
                                                                       :
U.S. FISH AND WILDLIFE SERVICE           :
1849 C Street, NW                                         :
Washington, D.C. 20240,                                :
                                                                       :
      Defendants                                           :
_____

<u>COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF</u>

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C.

Section 552, as amended, as well as agency FOIA regulations, challenging the

failure of the U.S. Department of the Interior and the U.S. Fish and Wildlife

Service to fulfill the lawful request of Plaintiff for records related to the

review of decisions made under the Endangered Species Act (ESA), 16 U.S.C.

1

Sections 1531-1544, that were or may have been inappropriately influenced

by former Deputy Assistant Secretary of the Interior Julie MacDonald.

2.    This case seeks declaratory relief that Defendants are in violation of the FOIA

for failing to fulfill Plaintiff's request for records and injunctive relief that

Defendants immediately and fully comply with Plaintiff's requests under the

FOIA.

## JURISDICTION AND VENUE

3.    This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. Section 552(a)(4)(B).  This

Court possesses jurisdiction over this action pursuant to 28 U.S.C. Section

1331.  Venue lies in this district under 5 U.S.C. Section 552(a)(4)(B).

## PARTIES

4.    Plaintiff Center for Biological Diversity (Center) is a non-profit conservation

organization recognized under Section 501(c)(3) of the Internal Revenue Code

with its principal place of business in Tucson, Arizona and incorporated in

New Mexico with an office in that state.  The Center has offices also in San

Francisco, Phoenix, Los Angeles, Joshua Tree, San Diego, Vermont, Oregon,

Virginia and Washington, District of Columbia.  The Center, dedicated to the

protection of biological diversity and ecosystems, is suing on behalf of itself

and its thousands of members across the country.  A great deal of the Center's

work is focused on protecting endangered and threatened species and their

habitat under the ESA.  The Center's lawyers, scientists, advocates and

educators regularly submit or file petitions, notices, actions, comments and

suggestions to Defendants on endangered species issues, and the organization

uses a considerable amount of its internal resources to do so.  The Center is a

key source of natural resource conservation and related endangered species

information for its staff, members, activists, the media and the general public.

The Center's interests are harmed and violated by Defendants' refusal to

comply with the FOIA as it relates to important endangered species records.

5.     Defendant United States Department of the Interior (DOI) is a Department of

the Executive Branch of the United States Government.   The Secretary is a

Cabinet-level official.  The DOI is an agency within the meaning of 5 U.S.C.

Section 552(f).  The DOI is charged by statute to, *inter alia*, implement,

enforce and comply with the ESA.  *See, e.g.,* ESA, 16 U.S.C. Sections 1532,

1533, 1536.  The DOI is also legally responsible for managing over 500

million acres of federal public land and is the nation's principal wildlife and

natural resource conservation agency.   DOI is a large department with over

80,000 employees and at least eight federal agencies, including Defendant

FWS.

6.     Defendant U.S. Fish and Wildlife Service (FWS) is an agency within the DOI.

Its mission is to work to conserve, protect and enhance fish, wildlife and

plants and their habitats for the continuing benefit of the American people.

The FWS has statutory and delegated authorities to enforce, *inter alia*, federal

wildlife laws, the ESA, migratory birds, fisheries, and wetlands.  The FWS

also manages the 93 million acre national wildlife refuge system and operates

approximately eighty ecological service field stations.  The FWS employs

approximately 7500 people in the U.S. with regional and field offices spread across the country. These regional and field offices, along with field stations and other related offices, regularly deal with and address endangered species issues.

## STATUTORY FRAMEWORK

7.  The FOIA, 5 U.S.C. Section 552, generally requires agencies of the federal government to release requested records to the public unless one or more statutory exemptions apply.

8.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. Section 552(a)(4)(B).

9.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request. 5 U.S.C. Section 552(a)(6)(A).

10. In "unusual circumstances," an agency may delay its response to a FOIA request, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. Section 552(a)(6)(B)(i). No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of Section 552(a)(6)(B). Id.

11.     "Unusual circumstances" is defined under the FOIA at 5 U.S.C. Section

552(a)(6)(B)(iii).

12.     Section 552(a)(6)(B)(ii) states that an extension of longer than ten days can be

authorized when the agency notifies the person making the request that it

cannot be processed within the time limit specified by the statute and "shall

provide the person an opportunity to arrange with the agency an alternative

time frame for processing the request or a modified request."  Further,

"(r)efusal by the person to reasonably modify the request or arrange such an

alternative time frame shall be considered as a factor in determining whether

exceptional circumstances exist for the purposes of" Section 552(a)(6)(C)(iii).

13.     The FOIA expressly provides that a requester "shall be deemed to have

exhausted his administrative remedies  … if the agency fails to comply with

the applicable time limit provisions" for initial determinations.  5 U.S.C.

Section 552(a)(6)(C).   "If the Government can show that exceptional

circumstances exist and that the agency is exercising due diligence in

responding to the request, the court may retain jurisdiction and allow the

agency additional time to complete its review of the records."  Id.

14.     For purposes of Section 552(a)(6)(C), "exceptional circumstances" does not

include a delay that results from a predictable agency workload of requests,

unless the agency demonstrates reasonable progress in reducing its backlog of

pending requests.

15.    "Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the time denial of such request."  5 U.S.C. Section 552(a)(6)(C)(i).

16.    The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records.  Specifically, when requiring release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered."  5 U.S.C. Section 552(a)(4)(F).

17.    The DOI issued revised regulations implementing the FOIA, effective November 20, 2002.  67 Fed. Reg. 64527-52 (October 21, 2002), codified at 43 C.F.R. Part 2.


FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

"Review of Julie MacDonald Decisions" FOIAs

18.    Plaintiff submitted eight almost identical FOIA requests to Defendants, with the first request sent on September 7, 2007 and the last request sent on September 13, 2007.

19.    On September 7, 2007, Plaintiff submitted their request to Region 1 and Region 3 of the FWS, noting the FWS' Director's "request to review decisions involving former Deputy Assistant Secretary for Fish, Wildlife and Parks" Julie MacDonald, asking for: "All documents, records and communication produced or held in the field offices and/or regional office in

the conduct of the above mentioned review … All documents, records and communications between the regional offices, the field offices and the office of the Director of the Service in Washington, D.C. and/or the Office of the Secretary of the Interior produced or held in the conduct of the above-mentioned review."

20.    On September 10, 2007, Plaintiff submitted the same request as in ¶19 to Region 5 of the FWS.

21.    On September 11, 2007, Plaintiff submitted the same request as in ¶19 to Region 6 of the FWS and the California-Nevada Office of the FWS.

22.    On September 11, 2007, Plaintiff submitted a FOIA request to the national office of the FWS in Arlington, VA and Office of the DOI Secretary in Washington, D.C., asking for: "All documents, records and communications between the regional offices, the field offices and the Office of the Director in Washington, D.C. and/or the Office of the Secretary of the Interior produced or held in the conduct of the above-mentioned review" of Julie MacDonald.

23.    On September 12, 2007, Plaintiff submitted the same request as in ¶19 to Region 4 of the FWS.

24.    On September 12, 2007, Plaintiff submitted the same request as in ¶19 to Region 7 of the FWS.

25.    On September 13, 2007, Plaintiff submitted the same request as in ¶19 to Region 2 of the FWS.  This was Plaintiff's last FOIA request on the topic enunciated in ¶19.

26.    On September 10, 2007, the FWS FOIA Officer for the Pacific Northwest
       Regional Office/California Nevada Operations Office acknowledged receipt
       of the September 7 FOIA request by Plaintiff.

27.    On September 13, 2007, the FWS FOIA Officer from Hadley, MA (Region 5)
       acknowledged receipt of the September 10 FOIA request by Plaintiff.

28.    Also on September 13, 2007, DOI Office of the Secretary acknowledged
       receipt of the September 11 FOIA request by Plaintiff and informed Plaintiff
       that the office was "taking the 10 workday extension provided for in our
       regulations.  The Office of the Secretary also told Plaintiff that it could
       "expect to receive a separate, distinct response from the U.S. Fish and
       Wildlife Service."

29.    On September 19, 2007, the FWS Region 7 FOIA Officer acknowledged
       receipt of the September 12 FOIA request by Plaintiff.

30.    On October 4, the national office of the FWS in Arlington, VA acknowledged
       receipt of the September 11 request by Plaintiff.

31.    On October 11, 2007, the Region 5 FOIA Officer informed Plaintiff that
       "Region 5 has been instructed by the Washington FOIA Officer to forward
       our response to them."

32.    On October 12, 2007, the national office of the FWS in Arlington, VA again
       acknowledged receipt of the September 11 FOIA request by Plaintiff.

33.    On October 16, 2007, 24 working days after Plaintiff's request to FWS
       Region 6 was submitted, Defendant FWS, from Region 6, responded to

Plaintiff with "all pertinent information that we found in our files.  We have withheld no information …"

34. On October 19, 2007, the Office of the Secretary informed Plaintiff that the relevant FOIA officer had searched the Office of the Assistant Secretary for Fish, Wildlife and Parks and the Office of the Secretary generally and "are responding on behalf of these offices.  Enclosed are 3 documents, consisting of a total of 9 pages, released in their entirety.  In addition to these documents, our searches within the Office of the Secretary locations yielded 17 other documents which originated with the U.S. Fish and Wildlife Service (FWS). We have, therefore, forwarded these documents to Johnny Hunt, the FOIA Office for FWS, who is your other addressee on this request, for his release decision and additional direct response to you. It is highly unlikely that these documents merely duplicate documents already located by FWS in their searches while processing your FOIA request."

35. On December 3, FWS Region 7 informed Plaintiff that it possessed no responsive documents aside from a previously publicly released memorandum dated July 3, 2007.

36. On December 3, Plaintiff called several of the FWS regions who had not yet lawfully responded or produced documents and was told that the requests were "going through D.C."

37. On December 13, 2007, approximately 62 working days after Plaintiff's last request to FWS was submitted, the FWS FOIA Officer gave a "partial response" to Plaintiff.  45 pages of documents were enclosed.  No documents

were mentioned or enclosed from FWS Regions 2, 3 or 4. No documents
were mentioned or enclosed from DOI.

38.     At no time have the DOI or FWS responses indicated that the search was
complete or that Plaintiff could appeal a final decision by Defendants on
Plaintiff's FOIA requests.

39.     At no time have the DOI or FWS indicated when a full response will be
forthcoming.

40.     At no time have the DOI or FWS requested Plaintiff to modify the scope of
Plaintiff's request or arrange an alternative time frame for processing the
request (or modified request).

41.     At no time have the DOI or FWS argued that "unusual circumstances," as that
term is defined by 5 U.S.C. Section 552(a)(6)(B)(iii), are applicable in this
case.

42.     At no time have the DOI or FWS argued that "exceptional circumstances," as
that term is defined by 5 U.S.C. Section 552(a)(6)(C) are applicable in this
case.

43.     Plaintiff has received no written or verbal correspondence from FWS or DOI
since December 13, 2007.

44.     Plaintiff has constructively exhausted its administrative remedies under the
FOIA.

            "ESA Petition Finding" FOIA

45.     On May 23, 2007, as modified on June 15, 2007, Plaintiff submitted a lawful
FOIA request for the following, *inter alia*: "For the period of January 1, 2001

to present: All documents authored by, received by, or sent by DOI and
USFWS that reflect any regulations, guidelines, guidance, and/or procedures
related to the processing of 90-day listing petition findings pursuant to the
Endangered Species Act."  *See generally* 16 U.S.C. Section 1533(a) (detailing
process on how a species is listed under the ESA, including the statutorily-
required 90-day finding).

46.     This FOIA was originally submitted on May 23, 2007 and, after discussions
with FWS's FOIA Officer, was modified on June 7 and June 15, 2007 to limit
the extent of the request.  On June 21, 2007, Plaintiff received a letter
confirming the modified request, but since that date has not received any
responsive documents.  On October 1, 2007, and November 30, 2007, Plaintiff
inquired as to the status of the request.  On November 30, 2007, FWS's FOIA
Office responded saying that he would inquire into the matter.  On December
12, 2007, another FOIA officer contacted Plaintiff to say that a response
would be forthcoming.  However, as of this date, Plaintiff has still not
received any responsive documents to this request.

47.     Redacted documents in possession of Plaintiff indicate that, at the very least,
Julie MacDonald ordered changes to how listing petitions are handled by the
FWS at the 90-day stage.  These changes can result in denying protection for
species that would otherwise be considered for ESA protections.

48.     Defendants have waited well over twenty days to fully respond to and/or
produce records regarding the June 2007 FOIA request concerning 90-day
listing petition finding policies.

49.     Since June 15, 2007, neither the DOI nor FWS have argued that "unusual circumstances," as that term is defined by 5 U.S.C. Section 552(a)(6)(B)(iii), are applicable in this case.

50.     Since June 15, 2007, neither the DOI nor FWS have argued that "exceptional circumstances," as that term is defined by 5 U.S.C. Section 552(a)(6)(C) are applicable in this case.

51.     Plaintiff has constructively exhausted its administrative remedies under the FOIA for the 90-day listing petition finding policy FOIA.


PLAINTIFF'S CLAIMS FOR RELIEF

CLAIM ONE

Failure to Produce Records Under the FOIA

52.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

53.     Plaintiff properly asked for records within the custody and control of DOI and FWS regarding the review of former Interior official Julie MacDonald, as well as records regarding Defendants' 90-day listing petition finding policies under the ESA.

54.     Plaintiff is entitled by law to access to records requested under the FOIA unless DOI and/or FWS make an explicit and justified statutory exemption claim.

55.     Thus, DOI and FWS violated FOIA's mandate to release agency records to the public by failing to produce records as Plaintiff specifically requested. 5 U.S.C. Sections 552(a)(3)(A) and 552(a)(4)(B).

<u>CLAIM TWO</u>

<u>Failure to Respond Under the FOIA</u>

56.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

57.     To date, Plaintiff has not received a full response from DOI or FWS on their

several proper FOIA requests, and both agencies have exceeded the 20

working-day statutory time limit for such a response, 5 U.S.C. Section 552

(a)(6)(A)(i), as well as the 10 working-day extension.  5 U.S.C. Section 552

(a)(6)(B)(i).

58.     To date, Defendants have not alleged "unusual circumstances" or "exceptional

circumstances" as those terms are defined in the FOIA, 5 U.S.C. Section

552(a)(6)(B)-(C).

59.     Therefore, DOI and FWS have violated the FOIA's mandate to respond to

Plaintiff's nine FOIA requests within the statutory time period.


<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare that DOI and FWS have violated the FOIA by failing to lawfully satisfy

Plaintiff's FOIA requests regarding the records pertaining to former Deputy

Assistant Secretary of the Interior Julie MacDonald, as well as to the ESA Listing

Petition Findings;

B.  Order DOI and FWS to respond to FWS's FOIA requests immediately;

C.  Order DOI and FWS to produce all requested documents in a timely fashion;

D.  Award Plaintiff reasonable attorney fees and litigation costs in this action,

pursuant to 5 U.S.C. Section 552(a)(4)(E); and

E.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/

William J. Snape, III
D.C. Bar No. 455266
Attorney for Plaintiff
Center for Biological Diversity

5268 Watson Street, NW
Washington, D.C. 20016
202-537-3458 (land)
202-536-9351 (cell)
billsnape@earthlink.net

Dated: December 26, 2007

I
07-2317
ESH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** Center for Biological Diversity
1333 N. Oracle Rd
Tucson, AZ 85705
**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)** 88888

**DEFENDANTS** US Dep't of the Interior
US Fish and wildlife Service
1849 C Street NW
Washington DC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
William J Snape IV
5268 Watson St, NW
Wash DC 20016

Case: 1:07-cv-02317
Assigned To : Huvelle, Ellen S.
Assign. Date : 12/26/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other) OR** ☐ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

(14)

| □ G. *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violations of Freedom of Information Act (FOIA) 5 USC §552

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 12-26-07   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.